May it please the court, counsel, Nell Brown on behalf of petitioner Stephen Bailey. This is a case where the constitutional issue is whether counsel was ineffective for failing to familiarize himself with Oregon law regarding restitution. However, before the court can reach the merits of that constitutional issue, I believe it first must resolve the jurisdictional issue that Judge Akinbelow found dispositive. Earlier this, or last month, sorry, this court issued an order telling the parties to be prepared to address the Seventh Circuit decision in Washington v. Smith. And I'd like to start with that decision because I think it provides a framework for the red herrings, the pitfalls in this area of the law that I think this court should avoid. In that case, the question was whether there was 2254 jurisdiction for an ineffective assistance claim relating to restitution as here. And the case there turned on the statutory language in 2254, which I may not have quoted in my opening brief. The key language is in custody in violation of the Constitution or laws or treaties of the United States. Washington v. Smith is wrongly decided for four reasons. The first is that it fails to acknowledge the Supreme Court's interpretation of that language in Millang v. Cook. The second reason is that it incorrectly relies on Wilkinson v. Dotson, which is a case that really doesn't address the 2254 in custody language. The Wilkinson case is about the Section 1983 statute and whether certain cases could fall under 1983 or whether they should be brought under 2254. The third reason is the reliance on the 2255 line of cases, which I've cited in my brief. Those cases all turn on particular statutory language in Section 2255 that requires the movant in a 2255 case be claiming the right to be released. That language doesn't appear in 2254, and therefore the rule of those cases shouldn't be extended here. And the final reason that Washington v. Smith is incorrectly decided is it relies on the Obato case, which is a Third Circuit decision that relies on the fine-only jurisprudence that Judge Aiken relied on below, and those cases all involve unincarcerated petitioners. Here, Petitioner Bailey was in custody at the time he filed his petition, and that is all that is required by 2254's in-custody requirement. Well, how can an application be made on the basis that custody is in violation of the U.S. Constitution if nothing about the decision would have any effect on his custodial status? Specifically, restitution is just a money obligation. It will neither diminish nor increase nor have any effect at all on his being in custody. That's correct, Your Honor, and I don't think that that's required by 2254. In Milleng, the Court specifically interpreted the language we have here, and it said the language in custody in violation of the Constitution or laws or treaties of the United States means that what they say is we have interpreted the statutory language. And this is a quote from Milleng at page 490, as requiring that the habeas petitioner be in custody under the conviction or sentence under attack at the time his petition is filed. Later, ten years later, in Spencer v. Chemna, Justice Scalia confirmed that that is what Milleng held when he said that all the in-custody requirement requires is that the person be incarcerated at the time the petition is filed. Whether or not they deserve relief on the merits of their claim is a separate question, but jurisdiction attaches at the time the petition is filed and all that is required under Milleng, Spencer and a number of decisions of this circuit that have followed that precedent for the past 20 years all say that the only question is what happened at the time the petition was filed. Yeah, but my question is the same. Go ahead, Judge Gould. Well, I was going to say, whatever those cases said, it still seems like the literal language of 2254 isn't really invoked unless you're challenging the custody. So that if he's challenging just the restitution only, I'm having trouble seeing how that relates to the language of 2254. Well, I think that when the Supreme Court interpreted that language, we're bound by that interpretation, and I think it's very clear that the Supreme Court has gone there. He is not just challenging the restitution portion. Of course, if he were to receive relief, it would be an amended judgment in this case. He's challenging his counsel's effectiveness at sentencing, and counsel has an obligation to know the law and be aware of the law with regard to everything that occurs at sentencing. I mean, could he sue his counsel for malpractice under state law and make the same challenge to the restitution? I don't think the restitution obligation would go away. He perhaps could have that remedy. I don't know. I think that this court has relied on the language in Mullang and in Spencer over and over again to end the jurisdictional inquiry after there's been a finding that the person is in custody. Judge Bybee, in a case in 2007, said that as the Supreme Court has held the in-custody provision of 28 United States Code Section 2254 requires only that the petitioner be incarcerated, or in that case it was to be in immigration custody at the time the petition is filed. There are dozens of cases that cite Spencer and Mullang for that proposition. If we follow that principle now and split with the Seventh Circuit, you may get a chance to argue this at the Supreme Court. Of course, if we follow the Seventh Circuit, you might still get a chance to argue it at the Supreme Court. Your Honor, I think it would be a mistake to follow the road that the Seventh Circuit has gone down in this area of jurisprudence. I think that they're muddling the issue. I think Mullang is clear. Spencer is clear. If Congress wants to rewrite this statute or respond to the Supreme Court's interpretation, it can. But this Court should not legislate beyond that interpretation that has been established since Mullang was decided in 1989. The Seventh Circuit relied on Wilkinson versus Dotson, and I wanted to address that in a little more detail because I think that is absolutely the wrong place for this Court to go. That decision limits the scope of 1983 jurisprudence, but it doesn't do anything to limit 2254. What it says in that case is that if a petitioner is challenging the duration or fact of his confinement or conviction, that it falls within the core of habeas corpus and therefore must be under 2254, not 1983. But there's a whole body of case law, sorry, not case law, cases, potential cases that don't fall within that core of habeas corpus. Perhaps they're on the fringe of habeas corpus and also within 1983. And that's what that case is about, not about a limitation on 2254. Ms. Brown, I still don't understand your argument on the plain language of the statute, which is that we can entertain an application only on the ground that the person is in custody in violation of the Constitution. And I don't understand how any ruling we could make in this case would have any effect at all on his being in custody. And my response is that Millang has already interpreted that very language for us. Now, Millang and others have interpreted the language that you have to be in custody pursuant to the judgment of a state court. That part I get. What I don't get is how the ground that Bailey is asserting, which is his restitution obligation, is a ground that he is in custody in violation of the Constitution. It has nothing to do with his being in custody. It is a ground that has to do with his obligation to pay money at some point. The language that Millang interpreted is the same language that you're discussing, the in custody in violation of the Constitution or laws of truce. Yes, and there he was. If I remember correctly, he was out of prison. Correct. So the question was, at what point does it matter whether the person is in custody? That's a wholly different point from the one I'm trying to get your views on, which is that the ground being asserted here has nothing to do with custody. And my view is that the Supreme Court has not required that link between being in custody and the relief you're seeking. Okay, thanks. Okay. You know, counsel, we'll give you an extra minute for rebuttal if you want. Okay. We'll give you overtime, but we'll add a minute at the end. Now Ms. Alexander. May it please the Court, Caroline Alexander, for Respondent Gene Hill. I'd like to first address Washington v. Smith, which this Court has signaled to us that it's most interested in. And I think that Washington v. Smith is directly on point and holds with a number of other circuits who, while not dealing with this exact issue, restitution, certainly the Seventh Circuit has in Washington v. Smith. The language in Washington v. Smith that is so compelling is exactly this. It is the custody itself that must violate the Constitution. That is the issue. That rule is no different than the Supreme Court has held in Wilkinson v. Dodson, Mulline v. Cook. All of the authorities that Petitioner has cited in the 28J letter all stand for that unremarkable proposition. The only thing that's different about this case is, in fact, this Petitioner is still in custody on a state court judgment, although seeking only a relief on the restitution issue. That's what makes this case factually different from the other cases like Mulline, but it doesn't make it different from Washington v. Smith. That is the exact issue. Okay, counsel. Washington v. Smith is certainly on point if we follow it. However, you know, it's another circuit's opinion, so we're not required to follow it. We can follow it if it's persuasive to us. But if we have a preexisting circuit law that's contrary, then I don't think we can even follow it if we think it's persuasive because it's not a supervening higher authority like the Supreme Court. Absolutely correct, Your Honor. Miller v. Gammy, we'd have to stick with our circuit. Correct, Your Honor. This is a prelude to my question. Do we have any Ninth Circuit precedent that bears on whether or not we could follow the rationale of Washington if we thought it made sense? No, Your Honor, there isn't. There are cases in this circuit that come to the exact same conclusion in the 2255 arena, but it's the State's position that there's absolutely no difference in the in-custody requirement that's required for 2254 petitions and 2255 petitions. The fact that the 2255 statutory language includes the right to be released doesn't make a difference. That language distinguishes relief that's available to 2255 petitioners and 2241 petitioners, but it doesn't change the in-custody requirement. That has always been that you must challenge the constitutionality of your custodial status. Nothing has ever changed that rule. That we have a little bit different facts in this case doesn't change that rule. The one thing that I would say, however, about Washington v. Smith, this is a fairly minor point, but I think it's worth making. Washington v. Smith talks about the cognizability of a restitution claim. The Supreme Court, however, talks about jurisdiction. That may be six of one, half a dozen of the other, but I think if this Court were to choose to write on this issue, I think the correct focus is jurisdiction rather than cognizability. If you go back to cases like Mullane v. Cook, the Supreme Court talks about jurisdiction rather than cognizability. I would add also about the in-custody requirement. Nothing has ever changed that very basic requirement in federal habeas that, again, the challenge and the relief is the right to be released. The Seventh Circuit in Washington goes on to say also that an alternative formulation of this basic principle is that a habeas corpus petition must attack the fact or duration of one's sentence. If it does not, it does not state a proper basis for relief. Again, that as well is right on point and goes right to that core issue of whether this, in fact, is a challenge to custodial status. And it just simply is not. Counsel, I'd like to follow up on a question I think that Judge Gould asked Ms. Brown. Doesn't Mr. Bailey have a tort remedy here against his attorney? Certainly. Certainly. You could have just sued him for malpractice. Absolutely. And given that this is an AEDPA-governed case, it seems to me that he would have assumed a much lesser burden by going into state courts under a tort suit than he would by coming into federal court under habeas corpus and trying to get the same result forced against his lawyer through AEDPA. I think that's absolutely right, Your Honor. And whether he has a tort suit, he couldn't. A state court could not eliminate the restitution order. So they could just provide for indemnity by the lawyer, right? Yes, Your Honor. Yes, Your Honor. And I haven't thought this through, but he also may have a remedy in 1983. That's certainly what Wilkerson v. Dodson talks about is the difference between a federal habeas case and a 1983 case. And it very well may be that he might have a remedy there. If you go back to precedent cited in these cases to Prizer v. Rodriguez, that's the fundamental issue. Well, if you only have a 1983 remedy against a state official, his lawyer is not going to be a state official. That's true. He may have a remedy, I don't know, now I'm just speculating, but he may have a remedy against a trial court if, in fact, restitution couldn't be imposed under state law. Yeah, probably got absolute immunity. Probably. Probably. I think his best bet is damages under a tort suit. The one thing, I think, in addition that I would point out. Ms. Brown is not giving up on the idea that his best bet is to ask us to wipe it out, in which case you would both get up to the Supreme Court. Yes, Your Honor. Are there any, I want to compare, I want to beat on the tort remedy for just one more minute. If he were to bring a tort suit, then he likely would be entitled to the damages that he had to pay in restitution from his lawyer. By the fact that he has to pay restitution, and let's assume that the tort remedy is now gone, that that's not available to him, are there any other consequences in Oregon from having had to pay the restitution other than the fact that he's out of $6,000? Are there any legal consequences from the fact that he now has a judgment of restitution against him? Does that have any consequence, for example, for parole or on a second offense? Not that I know of, Your Honor. I've never seen anything like that in any of our cases, and I can't think of any rule of law that would, I think what you're asking, Judge Bybee, is that a collateral consequence in some way, and I can't think of any way it would be. It doesn't count against him in a subsequent proceeding where they say, well, you not only had to serve the sentence, but this man is a man who had to pay restitution. No, I don't think so, Your Honor. And I think, again, Mullane v. Cook talks about those collateral consequences, as does Spencer v. Kenna, for mootness purposes, but I can't think of any collateral consequence under Oregon law that a claim of restitution or an award of restitution would create. One additional question, I'm sorry, comment before I conclude, unless the Court has other questions, and that is, in looking at the briefing, as I was preparing for a oral argument for another one of our attorneys, it struck me that the core mistake in the petitioner's argument is this, her focus, and if I could point the Court to her opening brief at page 13, the core mistake is the reliance on White v. Lampert, and I think that highlights the problem with her argument and the problem with this claim, and that is this. In White v. Lampert, this Court focused on the language state court judgment. That was the statutory language that this Court was seeking to interpret. That's not the focus in this situation here. The focus is on the in-custody requirement. That creates a fatal flaw. All of the cases from White that flow from that, such as Shelby v. Bartlett, are focusing on an entirely different statutory language in 2254A. Our focus here is on custody, and petitioner points to no cases that hold under these circumstances, even if you're incarcerated but you're not challenged the constitutionality of the custodial status, you don't have a claim. More accurately, this Court doesn't have jurisdiction. Okay, thank you. Thank you. Ms. Alexander, Ms. Powell, please vote. I'll be brief. If you'll rebuttal, we'll give you an extra minute. Thank you, Your Honor. A few points. My opponent says that the key line in the Washington v. Smith case is the sentence that reads, it is the custody itself that must violate the Constitution. Kathy, we've got the clock going backwards. She would never finish her argument. We're giving you an extra minute and a half, so go ahead. Don't feel you have to use it all if you don't need it. Okay. That language is in the Washington decision. The custody itself must violate the Constitution is not supported by a citation, and that is because there isn't a citation to support that linking principle upon which Judge Aiken also relied here. The next citation is to Wilkinson v. Dotson, and it would be a mistake for this Court to extend, as the Seventh Circuit did, the Wilkinson jurisprudence to this area. The question in that case was whether habeas was the sole avenue for relief, and it found that it wasn't. If you're right, then you could use this for challenging a sentence of community service? No, because the person would not have been in custody at the time they filed the petition. I think Congress drew a line at in custody, and that custodial sentences are inherently more burdensome, and therefore, for whatever reason. As long as you're in custody, then you can challenge any aspect of the sentence, but if you're not in custody, you just drew community service plus restitution, then you're just out of luck. Yes, I believe that that is the case based on what Congress... You could ask the judge just to sentence you for a day and then file your habeas on that day, and you'd be okay. In theory, I think Congress drew the line somewhere. The Supreme Court interpreted it in Millang when it said that that specific language that says in custody in violation of the laws means in custody at the time the petition is filed. I think Congress made that policy judgment. The Supreme Court interpreted it. It's an odd line to draw when you pose these type of hypotheticals, but I think that line has been previously drawn for us. We've gone past the extended time. Thank you, Your Honor. If there's another question, we'll proceed the other way. Well, it's a challenging issue, and we thank both Ms. Brown and Ms. Alexander. Nicely argued. So the Bailey v. Hill case shall be submitted.
judges: Rymer, Gould, Bybee